UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IRWIN GOLDEN,

                           Plaintiff,                        **ORDER**
                                                               CV 12-1286 (LDW)(ARL)

       -against-

RICK HALLOCK and AUTOMOTIVES,
LTD.,

                           Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's motion dated January 30, 2013, seeking to compel the defendants to provide more complete responses to certain interrogatories and document requests and for an extension of time to complete depositions. The defendants did not respond to the motion. Instead, on February 7, 2013, counsel for the defendants requested a conference "to avoid unnecessary and costly motion practice" because the plaintiff's had canceled the depositions given the defendants' failure to provide outstanding discovery. The court denied the defendants' request and directed counsel for the defendants to contact counsel for the plaintiff by telephone or to meet in person to discuss the plaintiff's letter motion dated January 30, 2013 and to establish dates for the remaining depositions and the exchange of all outstanding discovery. By letter dated February 13, counsel for the plaintiff has advised that defense counsel did not contact him by the date he was directed to do so. Accordingly, the motion is granted as follows.

      As a threshold matter, to the extent the defendants provided answers to the interrogatories, they must be signed by the person who made the answers. *See* Fed. R. Civ. P. 33(b)(5). With respect to Interrogatory No. 1, the defendants are directed to provided copies of the canceled checks. With respect to Interrogatory No. 2, the defendants are directed to clarify in writing if the documents produced in lieu of a written response are accurate copies of their business records. The defendants are further directed to provide the plaintiff with more complete responses to Interrogatory Nos. 3 and 4. With respect to Interrogatory No. 4, the defendants must provide additional details of the alleged termination including the date of the termination and the method by which the plaintiff was orally terminated. Finally, the defendants are directed to engage in a good faith search of their records and to produce any documents responsive to Document Request Nos. 8-13.

      The defendants must produce all outstanding discovery by March 1, 2013. Given the delay caused by the defendants, the deadline for the completion of discovery is extended to April 1 for the sole purpose of completing the depositions that need to be rescheduled after the plaintiff receives outstanding responses to his requests. Any party planning on making a dispositive motion shall take the first step in the motion process by April 15, 2013. The final conference is adjourned to April 29, 2013. at 11:00 a.m. The parties are directed to electronically file the proposed joint pretrial order prior to the conference. No further extension will be granted.

     If the defendants fail to comply with this order, the court will entertain a motion for sanctions including a request to strike the defendants' answer.

Dated: Central Islip, New York          **SO ORDERED:**
       February 14, 2013

                                                      _____/s_____
                                                      ARLENE R. LINDSAY
                                                      United States Magistrate Judge